IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 09-20013-01-KHV |
| BRANDON J. JACKSON, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Brandon J. Jackson's Motion For Review Of Detention Order (Doc. #21) filed June 5, 2009. On June 17, 2009, the Court held a hearing on the motion. For reasons stated below, the Court finds that defendant should be detained pending trial.

## Procedural Background

On January 29, 2009, a grand jury charged defendant with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). See Indictment (Doc. #1).

After a hearing, Magistrate Judge James P. O'Hara ordered that defendant be detained pending trial. See Detention Order (Doc. #8) filed February 9, 2009. Judge O'Hara found that defendant poses a serious flight risk and that no conditions will reasonably assure the safety of other persons or the community. See id. at 1.

## Standard Of Review

Defendant may seek review of a magistrate judge's detention order. See 18 U.S.C. § 3145(a)(1). The district court reviews that order *de novo*. See United States v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir. 2003); United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002). The district court must make its own *de novo* determination of the facts and legal conclusions with

no deference to the magistrate judge's findings. See Lutz, 207 F. Supp.2d at 1251. A *de novo* evidentiary hearing, however, is not required. See id. The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted. United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991). The Federal Rules of Evidence do not apply to detention hearings. See 18 U.S.C. § 3142(f); Fed. R. Evid. 1101(d)(3). The Court may allow the parties to present information by proffer or it may insist on direct testimony. See 18 U.S.C. § 3142(f).

## Standards For Detention

Under the Bail Reform Act of 1984, the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the Court must take into account the available information concerning –

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).[1]

The government must prove risk of flight by a preponderance of the evidence. The government must prove dangerousness to any other person or the community by clear and convincing evidence. See 18 U.S.C. § 3142(f).

## Analysis

The Court incorporates the Pretrial Services Report and the record of the proceedings conducted by the magistrate judge.

### I.  Nature And Circumstances Of The Offense

The grand jury charged defendant with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The offense involves a firearm and a potential for violence. This factor slightly favors detention.

### II.  Weight Of The Evidence

The government proffered very strong evidence that defendant committed the charged offense. In particular, the government noted that after Mr. Toombs and Cinnamon Long (defendant's girlfriend of some nine years) got into a verbal altercation, Mr. Toombs saw defendant get out of his car and shoot at Mr. Toombs' feet. Defendant, Ms. Long and two of her children (ages 12 and 9) told police that Ms. Long, not defendant, fired the gun. After police confirmed a witness report, Ms. Long and her children recanted the story and admitted that defendant had fired the gun. In 2008,

---

[1] In certain cases, the Bail Reform Act provides a rebuttable presumption of risk of flight or danger to the community. See 18 U.S.C. § 3142(e). The government has not shown that a presumption applies in this case.

defendant was a convicted felon and had no lawful reason to possess a firearm. Defendant did not contest the evidence which the government proffered and did not articulate any defense to the firearms charge.

The weight of the evidence favors detention.

### III. History And Characteristics Of Defendant

Defendant is 34 years old. He appears to have strong family ties to the Kansas City area. For the past seven years, he has lived with his mother and grandmother at his grandmother's residence in Lenexa, Kansas. Defendant has never married, but he has a five-year old child with Ms. Long. Defendant has a relatively stable employment history and his most recent employer is willing to re-hire him if the Court releases him.

Defendant has an extensive criminal history. He has been charged with possession of marijuana (1994, 1997),[2] robberies (1992, 1993, 2001), possession of a stolen vehicle (1992), receiving stolen property (2007), assaults (1994, 1997, 1997, 2004), unlawful possession of weapons or firearms (1994, 1994, 2001), malicious destruction of property (1997), domestic battery (2004) and harassment by telephone (2005, 2008). A few of these charges were dismissed or the disposition is unknown, but defendant was convicted on several of the charges. In addition, defendant has been arrested on multiple occasions for traffic warrants and for failure to appear at court settings. Finally, on several occasions, defendant violated the conditions of his probation or supervised release.

Despite his family ties to the Kansas City area, defendant's past behavior suggests that he would be a high risk of flight if the Court released him on bond. See United States v. Johnson, 123

---

[2] Defendant also admitted using marijuana as recently as October of 2008.

Fed. Appx. 377, 379 (10th Cir. 2005) (defendant flight risk because failed to appear four times in other court proceedings). This factor favors detention.

### IV.     Danger To The Community

Before releasing defendant on any set of conditions, the Court must be satisfied that defendant will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). The government has shown by clear and convincing evidence that defendant would pose a risk of physical danger to other persons and the community. In particular, despite a prior conviction for being a felon in possession of a firearm, defendant apparently kept a firearm and discharged it immediately after he observed an altercation between his girlfriend and Mr. Toombs.

Based on defendant's criminal history and the charges in this case, the Court cannot predict that defendant would abandon his criminal activities. Cf. United States v. Iglesias-Benitez, 974 F.2d 1329 (Table), 1992 WL 210612, at *4 (1st Cir. 1992) (defendant's possession of firearm despite status as probationer and knowledge that he was target of investigation manifest flagrant disdain for authority of law such that no combination of conditions will reasonably assure safety of community).

### V.     Conclusion

The Court concludes by a preponderance of the evidence that no set of conditions of release will ensure that defendant will appear on the charges. In addition, the Court finds by clear and convincing evidence that defendant poses a danger to other persons and the community. The government has carried its burden of proving that pretrial detention of defendant is warranted.

**IT IS THEREFORE ORDERED** that Brandon J. Jackson's Motion For Review Of Detention Order (Doc. #21) filed June 5, 2009 be and hereby is **OVERRULED**.

Defendant shall remain detained pending trial.

Dated this 2nd day of July, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
